**In re Douglas CROSS, Debtor.**

**SECURITIES & EXCHANGE COMMISSION, Plaintiff,**

**v.**

**Douglas CROSS, Defendant.**

**Bankruptcy No. SA–95–15228–JB. Adversary No. SA–95–1975–JB.**

United States Bankruptcy Court, C.D. California.

Dec. 11, 1996.

Kathleen Herkenhoff, Securities and Exchange Commission, Los Angeles, CA, for Plaintiff.

Rigoberto Obregon, Los Angeles, CA, for Debtor/Defendant.

### MEMORANDUM OF DECISION

JAMES N. BARR, Bankruptcy Judge.

A government agency filed a complaint seeking a determination that a judgment debt was non-dischargeable under 11 U.S.C.

§ 523(a)(2)(A).[1] The government agency lacks standing because it is not a creditor of the debtor and thus, I will DISMISS its complaint.

## I. FACTS

In 1993, Douglas Cross ("Cross" or "Debtor") was an officer and the sole shareholder of Cross Financial Services ("CFS"), a Nevada Corporation, during the period of March through November, 1993. Although CFS was initially formed to factor accounts receivables, it later changed its business focus from factoring to purchasing letters of credit. The Securities and Exchange Commission (the "SEC") filed an action against Cross and certain other defendants in the federal district court for violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c) Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. In July, 1994, the district court, at the request of the SEC, appointed a permanent receiver for CFS (the "Receiver"). On May 22, 1995, Cross filed a Chapter 7 petition.

On September 5, 1995, the district court granted the SEC's motion for summary judgment against Cross and his co-defendants and ordered Cross to disgorge $9,585,-442.13 he illegally obtained from the investors.[2] *Securities and Exch. Comm'n v. Cross Fin. Services,* 908 F.Supp. 718, 729 (C.D.Cal.1995).[3] On the same date, the SEC filed the present complaint seeking a determination that the judgment debt was nondischargeable pursuant to § 523(a)(2)(A). The Receiver for CFS simultaneously filed a nondischargeability complaint as well as a complaint objecting to the Debtor's discharge under § 727.

On March 14, 1996, the district court amended its prior order reducing the amount of the judgment debt to $6,695,235.30[4] and ordering Cross to pay that amount to the Receiver for distribution to the investors (the "Amended Order"). On March 27, 1996, the SEC filed a motion for summary judgment. At the hearing, I ordered the parties to submit supplemental briefs on the question of whether the SEC had standing under § 523(a)(2)(A). After reviewing those briefs, I took the matter under submission.

## II. JURISDICTION

I have jurisdiction in this proceeding pursuant to 11 U.S.C. § 1334(a) (granting the district courts original and exclusive jurisdiction of all cases under Title 11); 28 U.S.C. § 157(a) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district); and General Order No. 266 dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## III. ISSUE PRESENTED

Whether the SEC has standing to file a complaint seeking a determination that the judgment debt is nondischargeable under § 523(a)(2)(A).

## IV. DISCUSSION

Standing is a jurisdictional requirement which is open to review at all stages of the litigation. *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 253, 114 S.Ct. 798, 802, 127 L.Ed.2d 99 (1994). A federal court has a duty to determine a party's standing whether or not the issue has been raised by any of the litigants. *Orr v. Orr,* 440 U.S. 268, 271, 99 S.Ct. 1102, 1105, 59 L.Ed.2d 306, 314 (1979). The party invoking federal jurisdiction has the burden of proving

---

**1.** Unless otherwise indicated, all chapter, section and rule references are to Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and to the Federal Rules of Bankruptcy Procedure, Rules 1001 *et seq.*

**2.** The district court also enjoined Cross from engaging in various activities pertaining to securities laws.

**3.** That order has been appealed to the Ninth Circuit because the district court allegedly rendered it in violation of the automatic stay under § 362.

**4.** The other defendants in the district court action are jointly and severally liable with Cross for $3,167,706.37 of the judgment debt.

that he has standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992).

■ The SEC, relying on *Nathanson v. National Labor Relations Board.*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952) and *In re Taite*, 76 B.R. 764 (Bankr.C.D.Cal.1987), argues that it has standing to file the present complaint because it is charged with the enforcement of federal securities law and the district court has found that it has standing to pursue contempt proceedings against the other defendants in the pending district court action. It further argues that its ability to enforce the securities laws will be hampered if it cannot pursue nondischargeability actions because parties who have violated securities law could simply evade the consequences of their misconduct by taking refuge behind the shield of federal bankruptcy law. Cross contends that *Nathanson* and *Taite* are factually distinguishable from this case because individual investors have a private cause of action against him and therefore, the SEC is not a "creditor" who has standing to file a non-dischargeability action.

■ Under the Bankruptcy Code, only creditors of the estate have standing to file a complaint to determine whether a debt is nondischargeable under § 523. Section 523 provides, in part, that a debt is discharged:

> "unless, on request of the *creditor to whom such debt is owed*, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2) ... of subsection (a) of this section." (emphasis added).

The term creditor is defined as an "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10). In turn, § 101(5) defines a claim to include any: "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; ..."

Here, the SEC is not a "creditor" for purposes of § 523(a)(2)(A). The Amended Order expressly provides that Cross is to pay the judgment to the Receiver and therefore,

the SEC does not have a claim against Cross for the amount of the judgment debt. At the hearing on its motion for summary judgment, the SEC conceded that it sought the appointment of the Receiver because it is not authorized by federal law to collect judgment debts. The validity of that reasoning was not at issue before me, but the concession supports my conclusion here.

The SEC's reliance on *Nathanson* and *Taite* is misplaced because unlike the governmental entities in those cases, the SEC does not have a pecuniary interest in the judgment debt that was liquidated in district court. In *Nathanson*, the National Labor Relations Board (the "NLRB"), ordered the debtor to pay certain employees back pay which they had lost due to the debtor's violation of fair labor practices. After an involuntary petition was filed against the debtor, the NLRB filed a proof of claim for the back pay which was disallowed by the bankruptcy referee. The district court set aside the disallowance and the Court of Appeals affirmed. On appeal, the Supreme Court ruled that the NLRB was a creditor because it is the sole public agent chosen by Congress to enforce the National Labor Relations Act. The SEC argument that, like the NLRB in *Nathanson*, it has standing because it is charged with the enforcement of the federal securities law, is not compelling. The Supreme Court found that the NLRB had standing to pursue the nondischargeability action because it was acting as an agent for the injured employees. *Nathanson*, 344 U.S. at 26, 73 S.Ct. at 81–82. Here, it is the Receiver, not the SEC, that has the role analogous to the NLRB, (collecting the judgment debt for the benefit of and disbursement to the defrauded investors).

In *Taite*, the Attorney General of the State of California filed a complaint against Jason & Elaine Taite (the "Taites"), doing business as Custom Craft Carpets, Inc., alleging violations of the California Business Code. The trial court issued a permanent injunction barring the Taites from continuing their misleading sales practices but refused to impose civil penalties and restitution. On appeal, the appellate court affirmed the award of injunctive relief but reversed and remanded the question of the imposition of civil penal-

ties and restitution back to the trial court. The trial court then awarded a civil penalty and restitution. After the Taites filed a bankruptcy petition, the Attorney General filed a complaint to determine the dischargeability of the sanctions, civil penalties and restitution debt. The bankruptcy court held that the sanctions and civil penalties were nondischargeable under § 523(a)(7) and that the restitution debt was nondischargeable under § 523(a)(2). In finding that the SEC had standing, the court noted that the State of California could have enforced the restitution order against the Taites' property under California law as any judgment creditor had the Taites not filed bankruptcy. *Taite*, 76 B.R. at 770.

The SEC contends that like the State of California in *Taite* it too could have enforced the district court order against Cross absent his bankruptcy. It argues that the district court found that it had standing to pursue contempt proceedings against the other defendants in the district court action. The only evidence the SEC offered to support that argument is a copy of an order by the district court requiring one of the other defendants to submit an accounting of his records to the SEC and setting a hearing on the SEC's motion requesting sanctions from the other defendants who had failed to pay the judgment debt to the Receiver. However, that evidence is not compelling because the SEC did not provide proof of the district court's ruling on that attempt to enforce the judgment. Even if the district court had determined that the SEC had standing to enforce the Amended Order by a contempt proceeding, that ruling would not establish the SEC's standing under § 523(a)(2)(A).

The standing requirements under § 523(a)(2)(A) are statutorily defined by the Bankruptcy Code and the SEC has not proven that there is any correlation between those requisites and the requirements for standing in a contempt proceeding. The SEC did not cite any cases where courts had found that a party had standing under § 523 absent a right to payment.[5]

Finally, the SEC's argument that parties who have violated securities law will be able to evade paying judgment debts by filing a bankruptcy petition assumes too much, for the SEC may have standing to file future dischargeability complaints provided that it is the entity to collect that judgment. The Bankruptcy Code is designed to adjust the relationship of debtors and creditors; that purpose should not be disregarded to accommodate policy considerations unrelated to bankruptcy unless it is clear that injustice will result. Here, the SEC did not make such a showing.

### V. CONCLUSION

The SEC has no right to payment from Cross and is, therefore, not a "creditor" for purposes of § 523(a)(2)(A). Absent creditor status, the SEC lacks standing to pursue an action under that section of the Bankruptcy Code. Therefore, I will dismiss the SEC's complaint.

---

5. Although there are reported cases in which government agencies have been found to have standing to prosecute an action under § 523(a)(2)(A), those cases are distinguishable. For example, in *In re Evans Products Co.*, 60 B.R. 863 (S.D.Fla.1986), the bankruptcy court dismissed the Federal Trade Commission's (FTC's) proof of claim based on a restitution order granted against the debtor for violation of the Federal Trade Commission Act on the grounds that the FTC action was "so similar to a class action that ... the FTC was not a creditor but rather a class representative thereby precluding the allowance of the claim." *Evans*, 60 B.R. at 867. On appeal, the district court vacated the bankruptcy court's ruling finding that the FTC was a creditor not only with respect to [tax claims] but statutory obligations *enforceable* by a federal administrative agency in the public interest for the benefit of private parties." *Evans*, 60 B.R. at 868 (emphasis added). Similarly, in *In re Austin*, 138 B.R. 898, 901–902 (Bankr.N.D.Ill.1992), the bankruptcy court found that the FTC had standing to assert a nondischargeability action where it had obtained a pre-petition judgement against the debtor entitling it to payment. In both *Evans* and *Austin*, the FTC, had the right to the payment of the judgment debt that they sought to except from discharge. In this case, the SEC has no such right.